IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BOBBY J. MOSS, | ) | |
| | ) | |
| Petitioner, | ) | 8:16CV479 |
| | ) | |
| v. | ) | |
| | ) | |
| SCOTT FRAKES, | ) | MEMORANDUM |
| | ) | AND ORDER |
| Respondent. | ) | |
| | ) | |

Petitioner has filed a motion for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his convictions for second degree murder, manslaughter and use of weapon to commit a felony. Respondent has answered and submitted the state court courts. The parties have briefed the case, and it is now ripe for decision.

I now deny the petition with prejudice. My reasons for doing so are set forth below.

### *Background*

During a drug deal gone wrong, Moss shot three times and those three bullets struck and killed a visibly pregnant woman. When the woman died, the fetus expired as well. Moss asserted that he was merely protecting himself from one or more persons who were going to shoot him first. After a bench trial, Moss was found guilty of second degree murder of the woman, manslaughter of the fetus[1] and use of a

---

[1] Moss was charged with second degree murder of a fetus ("unborn child") under the provisions of Neb.Rev.St. § 28-392 (West) ("Murder of an unborn child in the second degree"). I assume that manslaughter is a lesser included offense to fetal murder under Nebraska law.

weapon to commit a felony. He received consecutive terms that resulted in a total sentence of a minimum of 65 years and a maximum of 100 years in prison.

The same lawyer who represented Moss at trial perfected an appeal to the Nebraska Court of Appeals. That appeal was not successful. *State v. Moss*, No. A–05–1132, 2007 WL 91649 (Neb. Court of Appeals, 2007) (*Moss 1*.) No petition for further review was submitted to the Nebraska Supreme Court.

A second lawyer filed a post-conviction motion that was unsuccessful. A third lawyer perfected an appeal. That appeal was also unsuccessful. *State v. Moss*, No. A–05–1132, 2016 WL 2977349 (Neb. Court of Appeals, 2016) (*Moss 2*[2].) A petition for further review was submitted to the Nebraska Supreme Court. However, it was denied.

Respondent concedes, and I agree, that this action was timely filed. Moss raises three claims. They are:

> **Claim One**: Petitioner was deprived of effective assistance of counsel because counsel failed to preserve for appeal the constitutional challenge to Neb. Rev. Stat. Ann. § 28-392 (West) (murder of an unborn child in the second degree).
>
> **Claim Two**: Petitioner was denied effective assistance of counsel when counsel failed to file a motion for new trial in a timely manner after counsel learned that a defense witness who was also a co-defendant, and who was cooperating with the prosecution, refused to testify for Petitioner because the prosecution told the witness, who was also a co-defendant, that he would lose his plea deal if the witness/co-defendant testified.

---

[2] The post-conviction action sat in the Douglas County District Court for over seven years. The reasons for this delay are not apparent.

**Claim Three**: Petitioner was denied his Constitutional right to call a witness/co-defendant to testify on Petitioner's behalf because the prosecution improperly told the witness/co-defendant that if he testified for the Petitioner, the witness/co-defendant would lose his plea deal.

## *Overview of Applicable Law*

Three strands of federal habeas law intertwine in this case. They are the law of exhaustion and procedural default, the deference that is owed to the state courts when a federal court reviews the factual or legal conclusions set forth in an opinion of a state court, and the standard for evaluating a claim of ineffective assistance of counsel.

I briefly set out those principles now, so that I may apply them later in a summary fashion as I review petitioner's claims. I turn to that task next.

## *Exhaustion and Procedural Default*

As set forth in 28 U.S.C. § 2254:

(b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—

  (A) the applicant has exhausted the remedies available in the courts of the State; or

  (B) (i) there is an absence of available State corrective process; or

   (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

The United States Supreme Court has explained the habeas exhaustion requirement as follows:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

A state prisoner must therefore present the substance of each federal constitutional claim to the state courts *before* seeking federal habeas corpus relief. In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented in an appeal to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner. *See Akins v. Kenney*, 410 F.3d 451, 454-55 (8th Cir. 2005).

"In order to fairly present a federal claim to the state courts, the petitioner must have referred to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue in a claim before the state courts." *Carney v. Fabian*, 487 F.3d 1094, 1096 (8th Cir. 2007) (internal citation and quotation marks omitted).

Where "no state court remedy is available for the unexhausted claim—that is, if resort to the state courts would be futile—then the exhaustion requirement in § 2254(b) is satisfied, but the failure to exhaust 'provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default.'" *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005) (quoting *Gray v. Netherland*, 518 U.S. 152, 162 (1996)).

4

To be precise, a federal habeas court may not review a state prisoner's federal claims if those claims were defaulted in state court pursuant to an independent and adequate state procedural rule "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

### *Nebraska Law Relevant to Procedural Default*

Under Nebraska law, you don't get two bites of the post-conviction apple; that is, "[a]n appellate court will not entertain a successive motion for postconviction relief unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time the movant filed the prior motion." *State v. Ortiz*, 670 N.W.2d 788, 792 (Neb. 2003). Additionally, "[a] motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal." *Hall v. State*, 646 N.W.2d 572, 579 (Neb. 2002). *See also State v. Thorpe*, 858 N.W.2d 880, 887 (Neb. 2015) ("A motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal, no matter how those issues may be phrased or rephrased."); *State v. Filholm*, 848 N.W.2d 571, 576 (Neb. 2014) ("*When a defendant's trial counsel is different from his or her counsel on direct appeal*, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record. Otherwise, the issue will be procedurally barred."). (Italics added.)

### *Deference Under 28 U.S.C. § 2254(d)*

When a state court has adjudicated a habeas petitioner's claim on the merits, there is a very limited and extremely deferential standard of review both as to the law and the facts. *See* 28 U.S.C. § 2254(d). Section 2254(d)(1) states that a federal court may grant a writ of habeas corpus if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as

determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). A state court acts contrary to clearly established federal law if it applies a legal rule that contradicts the Supreme Court's prior holdings or if it reaches a different result from one of that Court's cases despite confronting indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000). Further, "it is not enough for [the court] to conclude that, in [its] independent judgment, [it] would have applied federal law differently from the state court; the state court's application must have been objectively unreasonable." *Rousan v. Roper*, 436 F.3d 951, 956 (8th Cir. 2006).

With regard to the deference owed to factual findings of a state court's decision, section 2254(d)(2) states that a federal court may grant a writ of habeas corpus if a state court proceeding "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Additionally, a federal court must presume that a factual determination made by the state court is correct, unless the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

As the Supreme Court noted, "[i]f this standard is difficult to meet, that is because it was meant to be." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). The deference due state court decisions "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [Supreme Court] precedents." *Id.* However, this high degree of deference only applies where a claim has been adjudicated on the merits by the state court. *See Brown v. Luebbers*, 371 F.3d 458, 460 (8th Cir. 2004) ("[A]s the language of the statute makes clear, there is a condition precedent that must be satisfied before we can apply the deferential AEDPA standard to [the petitioner's] claim. The claim must have been 'adjudicated on the merits' in state court.").

The Eighth Circuit clarified what it means for a claim to be adjudicated on the merits, finding that:

> AEDPA's requirement that a petitioner's claim be adjudicated on the merits by a state court is not an entitlement to a well-articulated or even a correct decision by a state court. Accordingly, the postconviction trial court's discussion of counsel's performance—combined with its express determination that the ineffective-assistance claim as a whole lacked merit—plainly suffices as an adjudication on the merits under AEDPA.

*Worthington v. Roper*, 631 F.3d 487, 496-97 (8th Cir. 2011) (internal quotation marks and citations omitted).

The court also determined that a federal court reviewing a habeas claim under AEDPA must "look through" the state court opinions and "apply AEDPA review to the 'last reasoned decision' of the state courts." *Id.* at 497. A district court should do "so regardless of whether the affirmance was reasoned as to some issues or was a summary denial of all claims." *Id.*

### *The Especially Deferential Strickland Standard*

When a petitioner asserts an ineffective assistance of counsel claim, the two-pronged standard of *Strickland v. Washington*, 466 U.S. 668 (1984), must be applied. The standard is very hard for offenders to satisfy.

*Strickland* requires that the petitioner demonstrate both that his counsel's performance was deficient, and that such deficient performance prejudiced the petitioner's defense. *Id.* at 687. The first prong of the *Strickland* test requires that the petitioner demonstrate that his attorney failed to provide reasonably effective assistance. *Id.* at 687-88. In conducting such a review, the courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

7

The second prong requires the petitioner to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Further, as set forth in *Strickland*, counsel's "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable" in a later habeas corpus action. *Id.* at 690.

Additionally, the Supreme Court has emphasized that the deference due the state courts applies with special vigor to decisions involving ineffective assistance of counsel claims. [*Knowles v. Mirzayance*, 556 U.S. 111 (2009)](). In *Knowles*, the Justices stressed that under the *Strickland* standard, the state courts have a great deal of "latitude" and "leeway," which presents a "substantially higher threshold" for a federal habeas petitioner to overcome. As stated in *Knowles*:

> The question is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether that determination was unreasonable—a substantially higher threshold. And, because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard.

*Id.* at 123 (internal quotation marks and citations omitted).

The Supreme Court has recently emphasized that *Strickland* applies equally to appellate counsel, and that appellate counsel is entitled to the "benefit of the doubt." [*Woods v. Etherton*, 136 S. Ct. 1149, 1153 (2016)]() (a "fairminded jurist" could have concluded that repetition of anonymous tip in state-court cocaine-possession trial did not establish that the uncontested facts it conveyed were submitted for their truth, in violation of the Confrontation Clause, or that petitioner was prejudiced by its admission into evidence, precluding federal habeas relief under Antiterrorism and Effective Death Penalty Act (AEDPA); Petitioner could not establish that Petitioner's

appellate counsel was ineffective, as appellate counsel was entitled to the "benefit of the doubt").

### *Claim One–Failure to Preserve Attack on Fetal Murder Statute*

Respondent asserts that Claim One, regarding ineffective assistance of counsel, is not exhausted and is now procedurally defaulted because it should have been raised in the direct appeal and then presented to the Supreme Court pursuant to a petition for further review. However, since trial counsel was also appellate counsel on the direct appeal, I am not persuaded by Respondent's argument.

Ordinarily, where counsel is the same at trial and on direct appeal, the Nebraska Supreme Court will await a post-conviction proceeding to flesh out the matter since it is too much to expect that a lawyer will argue on direct appeal that he or she was ineffective at trial. Indeed, the Court of Appeals noted in *Moss 2* that trial counsel and appellate counsel for the direct appeal were one and the same and then went on to decide whether counsel was ineffective by not preserving that fetal-murder claim.

In *Moss 2*, the court concluded that counsel was not ineffective because fetal murder statutes have been uniformly upheld[3]. Thus, Moss suffered no prejudice. That is:

> The trial court determined that had appellate counsel properly preserved the constitutional challenge to § 28–392 for appellate review it would

---

[3] By 2005 (when Moss was convicted), eighteen states (including Nebraska) criminalized actions against unborn children at any stage during their development. Shannon M. McQueeney, Recognizing Unborn Victims over Heightening Punishment for Crimes Against Pregnant Women, 31 New Eng. J. on Crim. & Civ. Confinement 461, 463 & n. 24 (2005).

9

not have changed the result of the appeal. It noted that fetal homicide statutes from other jurisdictions, similar to § 28–392 and § 28–389, that have been challenged have been found to be constitutional. For instance, the trial court cited to *State v. Lawrence*, 240 S.W.3d 912 (Tex.2007), where the defendant challenged the criminal homicide statute of the Texas Penal Code as being unconstitutionally vague. The statute defined an "individual" as a "human being who is alive, including an unborn child at every state of gestation from fertilization until birth." Tex. Pen.Code §§ 19.02(b)(1), 19.03(a)(7)(A). In finding the statute was not impermissibly vague, the court noted that by "expressly defining capital murder such that one of the victims may be any unborn child from fertilization throughout all stages of gestation, the statute leaves no ambiguity as to what conduct is proscribed" and that "[n]o ordinary person reading the statute would have any doubt as to whether it encompasses victims at all stages of gestation." Id. at 915–16. The *Lawrence* court noted that numerous other jurisdictions were in agreement with its finding and that it had found "no case from any state supreme court or federal court that has struck down a statute prohibiting the murder of an unborn victim." *Id.* at 918. The opinion then lists a string cite of cases in support of this statement.

The trial court in the present case determined that the case law refutes that any challenge to § 28–392 on appeal would have been successful, given that no other jurisdiction has found similar statutes to be unconstitutionally vague and it found no reason why Nebraska would be different. The court found that Moss had not met his burden in establishing a vagueness or due process argument that would have changed the result of the appeal.

Moss does not cite to any case which has found a fetal homicide statute to be unconstitutional, nor does he offer any argument why § 28–392 would be different from other states such that it would not withstand a constitutional challenge. Given that similar statutes in other states have withstood similar constitutional challenges, we agree with the trial court that there is no reason why Nebraska's statute would not do the same.

> Moss has failed to show that there is a reasonable probability that properly preserving the constitutional challenge to § 28–392 would have changed the result of the appeal. *See State v. Timmens*, *supra*. Accordingly, counsel's failure to properly preserve the issue on appeal did not amount to ineffective assistance of counsel. Moss's first assignment of error is without merit.

*Moss 2*, 2016 WL 2977349 at *3-4.

The Nebraska Court of Appeals must be given deference regarding the conclusion that Moss suffered no prejudice when counsel failed to preserve for appeal the constitutionality of the fetal homicide statute[4]. I therefore deny Claim One because I find no basis for failing to give that court the deference it is due.

### *Claims Two and Three: Motion for New Trial/Prosecutorial Misconduct*

Respondent asserts that Claims Two and Three–essentially that the prosecution leaned on a cooperating witness not to testify and trial counsel should have filed a timely motion for new trial as a result–are unexhausted for a variety of reasons. I am not persuaded. Specifically, I believe the brief submitted to the Nebraska Supreme Court was sufficiently broad enough to inform the court that petitioner was seeking further review of the decision regarding the motion for new trial as it related to prosecutorial misconduct. (Filing no. 7-10.) Moreover, the brief seeking further

---

[4] Like Nebraska, and many other states, the Uniform Code of Military Justice criminalizes conduct that results in the death of an "unborn child." 10 U.S.C. § 919a (West). That statute has been upheld over numerous arguments of unconstitutionality. *United States v. Boie*, 70 M.J. 585, 586 (A.F. Ct. Crim. App. 2011) (1. article which criminalizes conduct which causes the death of an unborn child is not unconstitutionally vague; 2. article which criminalizes conduct which causes the death of an unborn child does not violate equal protection; and 3. article which criminalizes conduct which causes the death of an unborn child does not violate the Establishment Clause of the First Amendment).

11

review of the prosecutorial misconduct claim clearly alluded to United States Supreme Court jurisprudence, and was not based solely on Nebraska law. *Id*. As was the case for Claim One, that these claims are exhausted is borne out by the fact that the trial court and the Court of Appeals effectively considered these claims on the merits during the post-conviction proceeding.

Indeed, the Nebraska Court of Appeals squarely, fairly and at great length resolved these issues against Moss. I quote the concluding passage of the opinion on these two claims:

> We conclude that the evidence presented at the postconviction hearing showed that Denton did not threaten Verdell into not testifying for Moss. Rather, it was understood that if Verdell testified for Moss, he would be telling a version of events that was inconsistent with what he had been telling the State up to that point, which would be a false statement. Therefore, the State would have no reason to give Verdell the benefit of the bargain if he provided testimony that was favorable to Moss and inconsistent with his version of events upon which the plea agreement was made. Based on the evidence presented at the postconviction hearing, the trial court's finding that there was no prosecutorial [mis]conduct was not clearly erroneous.
>
> Accordingly, the motion for new trial based on grounds of prosecutorial misconduct would not have been successful had it been reviewed on appeal and therefore, counsel was not ineffective for failing to timely file the motion. *See State v. Mantich*, *supra*, (defense counsel is not ineffective for failing to raise an argument that has no merit). Moss' second and third assignments of error are without merit.

*Moss 2*, 2016 WL 2977349 at *6.

As before, the Nebraska court must be given deference, both factually and legally. When that deference is given, Moss' claims fail.

## *No Certificate of Appealability*

Finally, a petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). I have applied the appropriate standard and determined that Petitioner is not entitled to a certificate of appealability.

IT IS ORDERED the motion for writ of habeas corpus under 28 U.S.C. § 2254 (filing no. 1) is denied and dismissed with prejudice. No certificate of appealability has been or will be issued. A separate judgment will be entered.

DATED this 5th day of May, 2017.

BY THE COURT

s/ *Richard G. Kopf*
Senior United States District Judge